O

# United States District Court
# Central District of California

| | |
|---|---|
| RAMIRO FIGUEROA; and BERTHA FIGUEROA,<br><br>        Plaintiffs,<br><br>   v.<br><br>GENERAL ELECTRIC COMPANY, et al.,<br><br>        Defendants. | Case No. 2:15-cv-6381-ODW(RAOx)<br><br>**ORDER DENYING MOTION TO REMAND [12]** |

## I.    INTRODUCTION

Plaintiffs Ramiro Figueroa and Bertha Figueroa ("Plaintiffs") move to remand this action to Los Angeles County Superior Court pursuant to 18 U.S.C. § 1447.  Plaintiffs argue the case arises under California workers' compensation laws and therefore, removal is improper and should be remanded in accordance with 18 U.S.C. § 1445(c). Defendant General Electric Company argues that Plaintiffs' claims are not created by California workers' compensation law and removal was proper based on diversity jurisdiction.  For the reasons discussed below, the Court finds Plaintiffs' claims do not arise under California workers' compensation law.  Therefore, this Court **DENIES** Plaintiffs' Motion to Remand.[1]  (ECF No. 12.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II.   FACTUAL BACKGROUND

This is an action for personal injury for Plaintiff Ramiro Figueroa.  (ECF No. 12, Mot., 3.)  Figueroa was injured at work when a clothes dryer manufactured and distributed by General Electric Company caught on fire.  (*Id*.)  Plaintiff sustained severe burns on his arms, hands and face, requiring multiple surgeries and skin grafts.  (*Id*.)  Plaintiff's employer, Merill's Cleaners, has already paid Plaintiff workers' compensation either directly or through its insurer.  (*Id*.)  Plaintiffs now assert two causes of action against Defendant: (a) the first for strict products liability and negligence brought by Plaintiff Ramiro Figueroa and (b) the third for loss of consortium brought by Plaintiff Bertha Figueroa.  (ECF No. 13, Opp., 2.)  The second cause of action was for negligent maintenance by Plaintiff Ramiro Figueroa and was asserted against defendants Koko Tasmajian and Does 15-30.  (*Id*., 2-3.)  In light of the voluntary dismissal of defendant Koko Tasmajian (ECF No. 1, Ex. 3), the second claim is not being asserted.  (Opp., 3.)

Defendants removed the action to this Court on August 20, 2015.  (ECF No. 1.)  On September 18, 2015, Plaintiffs moved to remand.  (ECF No. 12.)  Defendants filed a timely opposition, and Plaintiffs a timely reply.  (ECF Nos. 13, 14.)  That Motion is now before the court for consideration.

## III.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress.  U.S. Const. art.  III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of establishing federal jurisdiction.  *Durham v.*

1   *Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d
2   at 566).

3        Federal courts have original jurisdiction where an action presents a federal
4   question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332.
5   A defendant may remove a case from a state court to a federal court pursuant to the
6   federal removal statute, 28 U.S.C. § 1441, on the basis of a federal question or
7   diversity jurisdiction.   To exercise diversity jurisdiction, a federal court must find
8   complete diversity of citizenship among the adverse parties, and the amount in
9   controversy must exceed $75,000.00, usually exclusive of interest and costs.   28
10   U.S.C. § 1332(a).

11                              **IV.    DISCUSSION**

12        A defendant may generally remove any action to federal court that satisfies
13   either federal-question or diversity jurisdiction.   *Ramirez v. Saia Inc.,* No. 2:14-cv-
14   4590-ODW, 2014 WL 3928416 at *1 (Aug. 12, 2014).   But Congress has specified
15   that certain actions are nonremovable, including a "civil action in any state court
16   arising under the workmen's compensation laws of such State."  *Id*., citing 28 U.S.C.
17   § 1445(c).  The sole question presented here is whether Plaintiffs' claims arise under
18   the workers' compensation law of the State of California or under the common law of
19   the State of California based on strict products liability and negligence.

20   **A. <u>PLAINTIFFS' CLAIMS DO NOT ARISE UNDER THE WORKERS'</u>**
21       **<u>COMPENSATION LAW OF THE STATE OF CALIFORNIA</u>**

22        As explained by this Court in *Ramirez*, "[I]mporting that definition [of 'arising
23   under' as stated in *Virgin v. Cnty. of San Luis Obispo*, 201 F.3d 1141, 1142-1143 (9th
24   Cir. 2000)] to § 1445(c), a civil action 'arises under' a state's workers' compensation
25   law when the workers' compensation law creates the plaintiff's cause of action or is a
26   necessary element of the claim."  *Ramirez,* 2014 WL 3928416, at *6.  In Plaintiffs'
27   first cause of action, Plaintiff Ramiro Figueroa alleges:

28

6. Defendants and each of them were the manufacturers, assemblers, designers, distributors, and sellers of a certain product and component parts, thereof, commonly known as a GENERAL ELECTRIC clothes dryer . . . which was sold with knowledge that the same would be purchased and used without inspection of defects.  At the time of the manufacture, design, assembly, distribution and sale of said product and said component parts, the same were in a defective condition rendering them unsafe for their intended use.

7. On or about October 24, 2014, in the County of Los Angeles, State of California, while said product was being used in a manner and for the purpose for which it was intended, and by reason of the defective condition, and as a legal result thereof, Plaintiff was caused to suffer injuries and to incur special and general damages.

8. At all times mentioned herein, Defendants further negligently conducted themselves in the design, manufacture, assembly, and distribution of said product, and further negligently marketed same so as to further cause same to be dangerous and defective for its intended purpose, legally causing Plaintiff's damages as alleged.

(ECF No. 1, Notice of Removal, Ex. 1 "Compl." ¶ 6-8.)  In the third cause of action for loss of consortium, Plaintiff Bertha Ramiro alleges:

12. Plaintiff BERTHA FIGUEROA is, and at all times material hereto was, the wife of Plaintiff RAMIRO FIGUEROA.

13. As a direct and legal result of the injuries sustained by Plaintiff RAMIRO FIGUEROA, BERTHA FIGUEROA has been deprived of the work and services of her husband, including conjugal society, comfort, affection, companionship, and consortium, usually and ordinarily provided by her husband when he was in good health with unimpaired vigor and strength, perhaps for the remainder of her life, or any part thereof, cause her injuries and to incur special and general damages.

(*Id*. ¶ 12-13.)  Plaintiffs' claims are not created by California's workers' compensation law, nor is California's workers' compensation law a necessary element of those

claims.

Instead, Plaintiffs' first cause of action is a product liability claim based on strict products liability and negligence.  Plaintiffs' third cause of action is a loss of consortium claim.

Plaintiffs' products liability claim arises under California common law.  "A manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes an injury to a human being . . ."  *Greenman v. Yuba Power Prods., Inc.*, 59 Cal. 2d 57, 62 (1963).

Plaintiffs' negligence theory is also based on California common law.  "As with an action asserted under a strict liability theory, under a negligence theory the plaintiff must prove a defect caused injury . . . However, '[u]nder a negligence theory, a plaintiff must also prove "an additional element, namely, that the defect in the product was due to negligence of the defendant."' . . ."  *Chaves v. Glock, Inc.*, 207 Cal. App. 4th 1283, 1304-05 (2012).

Finally, Plaintiffs' third cause of action for loss of consortium is also based on California common law.  "[I]n California each spouse has a cause of action for loss of consortium, as defined herein, cause by a negligent or intentional injury to the other spouse by a third party."  *Rodriquez v. Bethlehem Steel Corp.*, 12 Cal. 3d 382, 408 (1974).   Therefore, neither cause of action alleged by Plaintiffs arises under California's workers' compensation law.

Plaintiffs are citizens of the state of California.  (Opp. at 2.)  Defendant is a citizen of the state of New York, the state of its incorporation, and of the state of Connecticut, the state of its principal place of business.  (*Id.*)  Thus, the parties meet diversity jurisdiction and the case was properly removed to this Court.

/ / /

/ / /

/ / /

# V.    CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiffs' Motion to Remand.  (ECF No. 12.)

**IT IS SO ORDERED.**

November 5, 2015

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**